**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| POST MANUFACTURING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AUBURN GEAR, LLC,<br><br>Defendant. | No. C26-4050-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This matter is before me on a motion (Doc. 19) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Auburn Gear, LLC (Auburn). Plaintiff Post Manufacturing, LLC (Post), has filed a resistance (Doc. 26) and Auburn has filed a reply (Doc. 30). Oral argument is not necessary. *See* LR 7(c).

## *II. APPLICABLE STANDARDS*

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a

> complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While factual plausibility is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable legal theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014).

In considering a Rule 12(b)(6) motion to dismiss, ordinarily the court "cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment." *McMahon v. Transamerica Life Ins. Co.*, No. C17-149-LTS, 2018 WL 3381406, at *2 n.2 (N.D. Iowa July 11, 2018); *see* Fed. R. Civ. P. 12(b)(6). On the other hand, when a copy of a "written instrument" is attached to a pleading, it is considered "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, when the pleadings necessarily embrace certain documents, I may consider those documents

without turning a motion to dismiss into a motion for summary judgment. *McMahon*, 2018 WL 3381406 at *2 n.2. These documents include "exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am.,* 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

## *III. FACTUAL AND PROCEDURAL BACKGROUND*

This case involves a business dispute about the components of livestock wagons. On April 21, 2026, Post commenced this action in the Iowa District Court for Sioux County. Doc. 1 ¶ 1. Auburn removed the case to this court on May 28, 2026, asserting the court's diversity jurisdiction. *Id.* at 1–5. After Auburn filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Post filed an amended complaint (Doc. 17). Auburn has now filed a motion to dismiss the amended complaint under Rule 12(b)(6). Doc. 19.

Accepting the factual allegations of the amended complaint as true, the following facts are relevant to Auburn's motion:

Post is a South Dakota limited liability company with its principal place of business in Rock Valley, Iowa.[1] Doc. 17 ¶ 1. Auburn is an Indiana limited liability company with its principal place of business in Auburn, Indiana. *Id.* ¶ 2. Post manufactures vertical mixers that mix feed in livestock wagons. *Id.* ¶ 4. Vertical mixers include "two planetaries that convert the horizontal power of the tractor power drive to a vertical plane mixer." *Id.* Auburn manufactures planetaries and Post first purchased planetaries from Auburn in June 2020. *Id.* ¶¶ 5–6. Auburn redesigned its planetaries in February 2022, which, as discussed below, led to numerous product defect issues.

On September 1, 2021, and February 17, 2022, Post sent purchase orders to Auburn seeking the delivery of planetaries in 2022 and 2023. *Id.* at 6–8. These purchase orders outlined the number and price of planetaries, when the planetaries and payment were due and how Auburn should ship the planetaries, but did not otherwise establish contract terms. *Id.* Each time Auburn shipped a set of planetaries to Post, it sent Post a sales order acknowledgment. *See, e.g.*, Doc. 19-2 at 1–5. Auburn's acknowledgments included a section titled "Terms and Conditions." *Id.* at 5. As applicable to the current motion, the Terms and Conditions included the following provisions:

> 9. LIMITED WARRANTY: The limited warranty offered by the Seller varies by product line. Refer to the face of this form or to the Seller for the specific limited warranty covering the product or products quoted.
>
> 11. DISCLAIMER OF WARRANTIES: To the extent allowed by law, SELLER SPECIFICALLY EXCLUDES AND DISCLAIMS ANY AND ALL IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND ANY IMPLIED WARRANTIES OF FITNESS.
>
> 12. EXCLUSIVE REMEDIES: Buyer's exclusive remedy and Seller's exclusive liability for breach of contract, for breach of warranty or for any other cause of action (including negligence) shall be for Seller to repair or

[1] Post does not address the parties' citizenship in its amended complaint, but it appears that complete diversity does exist. *See* Docs. 14, 16.

> replace, at its option, any defective goods or materials provided to Buyer. In no event shall either party be liable to the other for any incidental or consequential damages arising in connection with this contract or the goods or materials sold hereunder. Buyer assumes all risks and liability and Seller assumes no liability, with respect to unloading, storage, handling, sale and use of the goods or materials.
>
> 13. APPLICABLE LAW: This contract shall be governed by and construed in accordance with the laws of the State of Indiana.
>
> 15. AMENDMENT: The terms and conditions stated on the face and reverse side of this form constitute the full and final expression of the parties' agreement. No statements or agreements, oral or written, made prior to or at the signing of this contract shall vary or modify the written terms hereof and no modification, amendment or release of any provision hereof shall be effective unless such agreement is in writing signed by both parties and is specifically stated therein to be an amendment to this contract. No modification, or addition to this contract shall be effected by the acknowledgment or acceptance by Seller of any purchase order, acknowledgment, release or other forms submitted by Buyer containing additional or different terms and conditions.

*Id.* (sections 10 and 14 omitted) (emphasis in original).

Without Post’s knowledge, Auburn redesigned its planetaries in February 2022. Doc. 17 ¶ 6. This new design “allowed water to infiltrate the planetary gears and mix with oil, causing premature failure of the planetary gear box.” *Id.* ¶ 7. Oil then leaked from the gear box, contaminating the feed mixture and rendering it inedible. *Id.* In June 2022, Post received a complaint from an Australian dealer and immediately informed Auburn of the problem. *Id.* ¶ 8. Auburn investigated and determined the new design was defective. *Id.*

From the summer of 2022 until February 2023, Auburn attempted to correct the design defect but eventually reverted to its original design. *Id.* ¶ 9. During this time, Auburn sold 66 defective planetaries to Post. *Id.* ¶ 12. Post installed 50 of these planetaries in mixers that it sold to an Australian dealer and returned 16 to Auburn for

repair or replacement. *Id.* Auburn replaced 42 of the planetaries installed in mixers and repaired the other 8. *Id.* Auburn completed its recall in August 2024. *Id.* ¶ 9.

Auburn issued credit memos that partially reimbursed Post, but $168,468.00 remains outstanding. *Id.* ¶ 10. The outstanding balance includes "the repair and replacement costs and expenses incurred by Post that naturally and directly resulted from the defective planetaries." *Id.* After discovering the defects, Post requested that Auburn repair or replace the products to comply with its implied warranty and contract obligations. *Id.* ¶ 11. Post contends that Auburn promised to reimburse 50 percent of Post's shipping and repair expenses and to reimburse Post for the Australian dealer's repair expenses, which Post has paid.[2] *Id.* ¶¶ 11, 21. Post asserts the following claims:

Count I – breach of the implied warranty of merchantability

Count II – breach of contract

Doc. 17. Auburn seeks dismissal of both counts.

## *IV. DISCUSSION*

### *A. May the Court Consider the Sales Order Acknowledgments?*

Post's amended complaint does not attach or reference the sales order acknowledgments, but Auburn attached them to its motion to dismiss. "If matters outside the pleadings 'are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'" *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting Fed. R. Civ. P. 12(d)). "[D]ocuments 'necessarily embraced by the complaint' are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (citations omitted). "In general, materials embraced by the complaint include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but

---

[2] While Post alleges that Auburn promised in writing to reimburse 50 percent of Post's shipping expenses, it is unclear whether the other promises were in writing. *See id.* ¶¶ 11, 21.

which are not physically attached to the pleadings.'" *Zean*, 858 F.3d at 526 (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). Generally, a "court must convert a Rule 12(b)(6) motion into one for summary judgment if it considers evidence 'in opposition to the pleading.'" *Zean*, 858 F.3d at 526 (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003)). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). "This is true even if contract documents not attached to the complaint refute a breach-of-contract claim, or a claim that defendant breached a statutory or common law duty." *Zean*, 858 F.3d at 526 (listing cases).

I find it appropriate to consider the sales order acknowledgements without converting the current motion into a motion for summary judgment. While the acknowledgments include information in opposition to the pleadings, Post does not contest their authenticity. *See* Doc. 26-1 at 1–7. Instead, Post contends the acknowledgements did not become part of the contract because they present a "battle of the forms" issue. *Id.* 3–7. Regardless, because the acknowledgments are necessarily embraced by the pleadings, I will consider them for purposes of Auburn's motion to dismiss.

### *B. The Merits of Post's Claims*

Auburn contends that both claims fail because they are contradicted by the terms of the sales order acknowledgments. Doc. 19-1 at 5–8. Auburn argues that the breach of the implied warranty of merchantability claim in Count 1 fails because this implied warranty was disclaimed in the acknowledgments. *Id.* at 5–7. It then contends that the breach of contract claim in Count 2 fails because the acknowledgments limited the type of damages sought by Post and contained an integration clause. *Id.* at 7–8. Post argues that the terms in the acknowledgments were material alterations that did not become part of the contract between the parties. Doc. 26-1 at 3–8.

The parties agree that § 2-207 of the Uniform Commercial Code (UCC) determines whether the terms of the acknowledgments became part of the agreement.[3] That section states:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
> > (a) the offer expressly limits acceptance to the terms of the offer;
> >
> > (b) they materially alter it; or
> >
> > (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
>
> (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this Act.

UCC § 2-207. The parties analyze the issue under § 2-207(2)(b), in which the additional terms become part of the agreement unless they materially alter it.

"A clause will be held to 'materially alter' a contract when it would 'result in surprise or hardship if incorporated without express awareness by the other party.'" *N*

[3] While the parties disagree as to whether Iowa or Indiana law applies, they agree that I need not decide this issue at this time because both states have enacted the UCC. Doc. 26-1 at 3 n.2; Doc. 30 at 2 n.2. Iowa Code § 554.2207 and Ind. Code § 26-1-2-207 are identical except for minor formatting variations and the use of "chapter" in place of "Act."

*& D Fashions, Inc. v. DHJ Indus., Inc.*, 548 F.2d 722, 726 (8th Cir. 1976) (quoting UCC § 2-207, Cmt. 4). "[W]hether an additional term materially alters an agreement is a question of fact which must be resolved on a case by case basis." *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 401 F.3d 901, 911 (8th Cir. 2005) (quoting *TRWL Fin. Establishment v. Select Int'l, Inc.*, 527 N.W.2d 573, 579 (Minn. Ct. App. 1995)). Comment 4 to § 2-207 states:

> Examples of typical clauses which would normally "materially alter" the contract and so result in surprise or hardship if incorporated without express awareness by the other party are: a clause negating such standard warranties as that of merchantability or fitness for a particular purpose in circumstances in which either warranty normally attaches; a clause requiring a guaranty of 90% or 100% deliveries in a case such as a contract by cannery, where the usage of the trade allows greater quantity leeways; a clause reserving to the seller the power to cancel upon the buyer's failure to meet any invoice when due; a clause requiring that complaints be made in a time materially shorter than customary or reasonable.

UCC § 2-207, Cmt. 4. While acknowledging that Comment 4 identifies a warranty disclaimer as an example of a material alteration, Auburn nonetheless contends that Count I must be dismissed. Auburn argues that Post could not have been surprised by the terms because "Post saw them repeatedly, never once objected, and continued to order dozens of planetaries from Auburn Gear." Doc. 30 at 3–4. Auburn also argues that the parties' course of dealing rendered the warranty disclaimer non-material. *Id.* 4–5. These are purely factual arguments that are not appropriate for me to resolve at this stage of the case. Auburn's motion to dismiss Count I must be denied.

Auburn contends that Count II fails because the acknowledgements explicitly limited the type of damages that Post seeks. Doc. 19-1 at 7–8. Despite Post's allegations that Auburn promised to pay for these costs, Auburn argues that because the acknowledgments were fully integrated contracts, the parol evidence rule bars consideration of any other understandings of the agreement. *Id.* Thus, this issue seems to hinge on whether the acknowledgments were fully integrated.

Under Iowa law, "[d]etermining whether an agreement is fully integrated is a question of fact, to be determined from the totality of the evidence. The presence of an integration clause is one factor we take into account in determining whether an agreement is fully integrated." *C & J Vantage Leasing Co. v. Wolfe*, 795 N.W.2d 65, 85 (Iowa 2011) (citations omitted). Likewise, "[r]egarding integration clauses, the Indiana Supreme Court has held that the determination of whether the parties intended a writing to be totally integrated must be based on all the relevant evidence." *Performance Servs., Inc. v. Hanover Ins. Co.*, 85 N.E.3d 655, 660 (Ind. Ct. App. 2017) (citing cases).

Deciding whether the acknowledgments were fully integrated contracts, thus barring me from considering Auburn's promise to pay for incidental or consequential damages, is a question of fact that cannot be resolved at the pleadings stage.[4] Auburn's motion to dismiss Count II must be denied.

## *V. CONCLUSION*

For the reasons set forth herein, defendant's motion (Doc. 19) to dismiss is **denied** in its entirety.

**IT IS SO ORDERED** this 17th day of November, 2026.

____________________________
Leonard T. Strand
United States District Judge

[4] In addition to the integration issue being a matter of fact, it also involves a remedies limitation that is inappropriate to determine at the motion to dismiss stage. "[T]he Eighth Circuit has noted that 'courts have consistently held it is a question of fact whether a remedies limitation constitutes a material alteration.'" *Fastenal Co. v. Am. Piping Prods., Inc.*, No. 4:19CV1400, 2020 WL 1139226, at *4 (E.D. Mo. Mar. 9, 2020) (quoting *Shur-Value Stamps, Inc. v. Phillips Petroleum Co.*, 50 F.3d 592, 598 (8th Cir. 1995)) (emphasis omitted).